**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RFID TECHNOLOGY INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | Case No: |
| vs. | § § | **PATENT CASE** |
| ULTA BEAUTY, INC. | § § § | |
| Defendant. | § § | |
| | § | |

## COMPLAINT

Plaintiff RFID Technology Innovations, LLC ("Plaintiff" or "RFID") files this Complaint against Ulta Beauty, Inc. ("Defendant" or "Ulta") for infringement of United States Patent No. 9,582,689 (hereinafter "the '689 Patent).

## PARTIES AND JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with an office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4.      Upon information and belief, Defendant is a Delaware corporation with a place of business at 1000 Remington Blvd Bolingbrook, Illinois 60440. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts

of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

5.  Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

6.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1400(b) because acts of infringement are occurring in this District and because Defendant has a regular and established place of business in this District.   For example, on information and belief, Defendant has a place of business located at 5510 S Broadway Ave, Tyler, TX 75703. On information and belief, Defendant has other regular and established places of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 9,582,689)

7.  Plaintiff incorporates paragraphs 1 through 6 herein by reference.

8.  This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

9.  Plaintiff is the owner by assignment of the '689 Patent with sole rights to enforce the '689 Patent and sue infringers.

10.  A copy of the '689 Patent, titled "System and Method for Presenting Information about an Object on a Portable Electronic Device," is attached hereto as Exhibit A.

11.  The '689 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

12.  Upon information and belief, Defendant has infringed and continues to infringe

one or more claims, including at least claims 1 and 15, of the '689 patent by using payment systems that support payment using credit cards that contain RFID tags in a manner covered by one or more claims of the '689 patent.  Specifically, Defendant uses (at least through internal testing) a payment system (the "System") that supports, or is supported by, Mastercard PayPass®. Defendant has infringed and continues to infringe the '689 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

13.      Regarding Claim 1, the System functions according to a method whereby an object (e.g., a credit card) is scanned by an electronic device (e.g., a scanner associated with a point-of-sale ("POS") system).   The object (e.g., credit card) contains a radio frequency identification ("RFID") tag.  These elements are illustrated below:

### 2.3 How MasterCard *PayPass* Works

#### 2.3.1 MasterCard *PayPass* Cards and Devices

*PayPass* cards and devices all consist, at the basic level, of an antenna connected to a chip in a module (b and c in Figure 8 below). These components are typically encapsulated into "carriers" of different shapes and sizes.

For a MasterCard *PayPass* card, the components are contained in a card-sized sheet of plastic, known as an inlay (b, c, and d). This inlay is sandwiched between front and back plastic sheets (a and e) to form a finished card.



(a)  Card Front
(b)  Antenna
(c)  Chip Module/Package
(d)  Inlay
(e)  Card Back

**Figure 8, MasterCard *PayPass* Card Construction**

The *PayPass* chip is encoded with data and contains cryptographic data used to authenticate the card or device to the issuer.

*PayPass* chips are both powered by and communicate using radio frequency (RF) energy provided by the *PayPass* reader. In simple terms, the reader makes energy available to the chip by inducing an electromagnetic field into the air close to the reader. When the chip is moved into this field, electrical energy is provided to it via the antenna (a coil of wire). This energy is used to power the chip: the *PayPass* card or device does not need a battery.

In addition to powering the chip, the reader communicates information to it by changing the amount of energy sent. The chip detects the changes and captures messages from the reader. The chip is also able to send messages to the reader by changing the amount of energy that it uses. The reader detects the change in energy and uses this to understand messages sent back to it.

https://www.paypass.com/pdf/public_documents/FINAL_Paypass_Aquirer_V3_LR.pdf

14.     Symbology associated with the object is detected using the electronic device. For example, the POS terminal detects energy changes in the RFID tag that represent data associated with the credit card.

15.     On information and belief, an application (e.g., software on the POS device) decodes the symbology (e.g., the energy changes associated with messages sent from the RFID tag) to obtain a decode string (e.g., data representing information associated with the credit card).

16.     On information and belief, the electronic device (e.g. a POS terminal) sends the decode string (e.g. credit card information) to a remote server for processing (e.g., a credit card processing server).  Certain elements in this process are illustrated in the information below:

## 2.4  Processing MasterCard *PayPass* Transactions

### 2.4.1 Process Description

Once a card or device has been read, the authorization message is transmitted to the acquirer in the same way as a traditional magnetic stripe transaction. While no new data protocols are necessary, it is important to note the following aspects of MasterCard *PayPass* transaction processing:

https://www.paypass.com/pdf/public_documents/FINAL_Paypass_Aquirer_V3_LR.pdf

## 2. MASTERCARD *PAYPASS* OVERVIEW

A typical *PayPass* transaction is shown in the sequence below:



**1** Transaction amount sent to *PayPass*-enabled consumer-facing terminal (CFT) **ⓐ** from the electronic cash register (ECR) **ⓑ**. The CFT **ⓐ** is connected to the ECR via a cable **ⓒ** so that dual amount entry is not required.



**2i** Consumer presents device to CFT.

**2ii** *PayPass* reader reads data from the *PayPass* device in 0.2 seconds.

**2iii** *PayPass* device is removed.



**3** If required, consumer enters PIN for online verification.

This is submitted as part of the online authorization process detailed next.



**4** Online authorization of the transaction is obtained (via high-speed connection such as a DSL modem) from the payment acquirer **ⓓ**.



**5** When required, a receipt is printed **5i** and a consumer signature is physically **5ii** or electronically captured **5iii**.

**Figure 16, Typical MasterCard *PayPass* Transaction Including Authorization**

https://www.paypass.com/pdf/public_documents/FINAL_Paypass_Aquirer_V3_LR.pdf

This section describes the payment processing requirements specific to MasterCard *PayPass*—Mag Stripe transactions.

A *PayPass* transaction is processed in the same way as a regular magnetic stripe transaction. The only difference is that it must be coded to indicate that it was tapped, as opposed to swiped or keyed, and to indicate if the POS was *PayPass*-enabled or not (regardless of how the transaction was initiated).



**Figure 18, MasterCard *PayPass* Payment Processing**

1. MasterCard *PayPass*–capable terminal reads *PayPass* card or device data and sends it for authorization. Data includes indication that transaction was tapped, swiped, or keyed.

2. High-speed authorization system transmits authorization request to the acquirer.

3. If not provided in the authorization message to the acquirer, the acquirer determines if the POS is *PayPass* enabled, for example using a terminal master file.

4. Acquirer codes the POS entry mode and terminal capability elements of the appropriate MasterCard authorization message as specified by MasterCard, using information from the terminal systems and the terminal master file. For *PayPass* transactions, the data will reflect that it was supplied by a terminal that is *PayPass* enabled and that the data was communicated via the terminal's contactless interface.

   The transaction is then transmitted to the card issuer via MasterCard's authorization network.

5. A similar process to 3 and 4 above occurs for the clearing request to MasterCard's systems. This data includes an indication of the transaction's POS entry mode (DE 22) and terminal capability (DE 61).

https://www.paypass.com/pdf/public_documents/FINAL_Paypass_Aquirer_V3_LR.pdf

17.     On information and belief, the electronic device (e.g., a POS terminal) will receive information about the object (e.g., payment authorization) from a remote server (e.g., server associated with a payment acquirer) wherein the information (e.g., payment authorization) is based on the decode string (e.g., the payment authorization is based on the credit card information that was decoded).

18.     On information and belief, the information (e.g., payment authorization) will be

displayed on a display device associated with the electronic device (e.g., payment authorization

and/or other information regarding credit card authorization is displayed on the POS terminal's

screen or another screen that is part of the System). Certain elements in this process are

illustrated in the information below:

https://www.paypass.com/pdf/public_documents/FINAL_Paypass_Aquirer_V3_LR.pdf

While the reader indicates a successful read using visual and audible cues, it is important to remember that a successful read is only the first step in a payment transaction.

The *PayPass* visual and audible cues do not indicate that the transaction has been authorized, just that the *PayPass* read process is complete and the consumer can remove their card or device from the reader. The authorization is indicated by the POS equipment in the same manner as for all MasterCard-based transactions.

https://www.paypass.com/pdf/public_documents/FINAL_Paypass_Aquirer_V3_LR.pdf

### 3.2 POS Equipment

A typical merchant installation involves integrating a MasterCard *PayPass*–capable terminal into the POS environment, as shown below:



Figure 17, A Typical MasterCard *PayPass*–Enabled POS

https://www.paypass.com/pdf/public_documents/FINAL_Paypass_Aquirer_V3_LR.pdf

19.     Regarding Claim 15, as illustrated above in paragraphs 12-18, the System

includes an electronic device (e.g., POS terminal) configured to scan an object (e.g., credit card

with an RFID tag).   Symbology (e.g., change in energy representing data and messages

associated with the credit card) is detected by one or more detection applications.   The

electronic device uses one or more detection applications to decode the symbology to obtain a

decode string (e.g., data and/or messages associated with the credit card).  The POS terminal sends the decode string (e.g., credit card information) to a remote server for processing (e.g., a credit card processing server).  The remote server processes the decode string and determines information with regard to the object (e.g., payment authorization associated with the credit card) based on the decode string.  The POS receives the determined information and displays that information (e.g., payment authorization) on the POS display.

19.    Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

20.    Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

21.    Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)    Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)    Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,582,689 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c)    Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)    Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.


Dated: September 11, 2017                     Respectfully submitted,

                                              */s/Jay Johnson*
                                              **JAY JOHNSON**
                                              State Bar No. 24067322
                                              **BRAD KIZZIA**
                                              State Bar No. 11547550
                                              **KIZZIA & JOHNSON PLLC**
                                              1910 Pacific Ave., Suite 13000
                                              Dallas, Texas 75201
                                              (214) 451-0164
                                              Fax: (214) 451-0165
                                              jay@kjpllc.com
                                              bkizzia@kjpllc.com
                                              **ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**